IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LISA ROACH,

                Plaintiff,                      Case No.

v.                                           Judge
                                           JURY DEMAND

MONTGOMERY COUNTY
GOVERNMENT,

                Defendant.

_____/

**COMPLAINT**

Plaintiff Lisa Roach, had worked for Defendant Montgomery County, including the Montgomery County Sheriff's Office ("MCSO") for over 19 years when she was discriminatorily passed over for promotion based on her race and sex. Although MCSO has a policy and procedure which outlines a non-discriminatory method for determining the qualified candidate for promotion, when Ms. Roach, an African American woman, sought promotion from sergeant to corporal, and scored the highest on all aspects of the scale, MSCO decided to abandon their process and promote a Caucasian male with less experience and who scored significantly lower than her on the exam. Defendant violated Ms. Roach's civil and statutory rights, under state and federal law.

**PARTIES**

1.      Plaintiff, Lisa Roach is a citizen and resident of Montgomery County, Tennessee, and a current employee of Defendant Montgomery County.

2.      Defendant the Montgomery County is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee. At all relevant times, Montgomery County employed Plaintiff.

1

## JURISDICTION, VENUE, PRE-SUIT FILING REQUIREMENTS

3.      This is an action for unlawful employment practices of discrimination on the basis of sex and race in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA") (Count I, III); discrimination on the basis of sex and race in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *e. seq.*  (Count II, IV) and Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a) (Count V).

4.      The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5.      Plaintiff complied with all conditions precedent to the filing of her claims pursuant to Title VII, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the Department of Justice issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the Notice of Right to Sue.

6.      Upon information and belief, Defendant receives federal funding for the operation of training and education services it provides to its employees and citizens. Further, Defendant has substantial control over the MCSO and its hiring practices.

## FACTS

7.      Lisa Roach was hired in 1999 by Montgomery County Sheriff's Office (MCSO) as a deputy.

8.      Initially after her hire she was assigned to the Montgomery County Jail.

9.      In 2002, Deputy Roach was transferred to the Court Security division and has been a General Sessions Bailiff in the Courts Division since 2004.

10.     Deputy Roach was promoted to the rank of corporal in 2015.

2

11.     Although Corporal Roach was paid the same as other colleagues in the MCSO court division, she was assigned additional tasks including training new deputies, scheduling the shifts and assignments in the courts, and *de facto* doing the job duties of the Sergeant when he was absent from work which included briefing the shifts every morning, compiling monthly stats and weekly counts, covering a shift if a deputy was out, and collecting and processing timesheets.

12.     On July 6, 2018, the Montgomery County Sheriff's Office issued a memorandum encouraging all qualified personnel to apply for the rank of sergeant in the Courts Complex. The job announcement stated that the qualified applicant shall have a minimum of two years of service at the position of corporal, within the Courts and Process Division of MCSO and otherwise meet job description requirements for the position.

13.     Corporal Roach met the requirements for the position and applied for the promotion to sergeant.

14.     Corporal Chris Lyons, a Caucasian male, and Corporal Terrence Welsh, also a Caucasian male, also applied for the promotion.

15.     Policy E-8.7 governs promotions and provides the following process for promotion selection:

8.7.2 Promotion Selection Process for Supervisory Positions – Employees eligible for promotion shall be selected in the following manner:
1.     Written Test – 50 test questions from the *Policies, Procedures and Guidelines Manual*. 30 points total.
2.     Oral Board – Ten questions to evaluate leadership and communication skills, and the application of the *Policies, Procedures and Guidelines Manual*. 30 points total.
3.     Longevity – One-half point for every year of service to a maximum of 20 years; ten points total. Employees with a break in service of six months or greater shall have this value calculated from the last date of rehire. Longevity required for promotion shall be derived from the value.
4.     File Review – Review of disciplinary actions for the previous 18 months. Ten points initially assigned. One point shall be subtracted per reprimand. Two points shall be subtracted per suspension, with one point for each day beyond the first day.

3

5. Supervisory Review – The employee's current supervisor shall evaluate the employee's behavior and performance, e.g. – attitude, demeanor, cooperation, interaction, punctuality, work quality, communication, etc. 20 points total.

6. The Sheriff or designee shall interview the top scoring candidates to fill a vacant position. The number of personnel to be interviewed shall be two times the number of vacancies, plus one.

7. Scores shall be retained for six months. Scores for written test, longevity, and file review shall be updated as an opening occurs.

16. MCSO calculated the results of the steps 1-5 into this chart which was produced to Plaintiff in response to her public records request. The chart reflected the following results[1]:

| Applicant | Longevity | File Review | Sup Review | Policy Test | Oral Board | Overall |
|-----------|-----------|-------------|------------|-------------|------------|---------|
| Roach, Lisa | 9.5 | 10 | 19 | 25.2 | 22.98 | 86.68 |
| Welsh, Terry | 7 | 10 | 17 | 25.89 | 24.78 | 84.67 |
| Lyons, Chris | 10 | 10 | 16 | 25.2 | 22.8 | 84 |

17. Each candidate took the Oral Board before a panel of MCSO lieutenants. All of the lieutenants on the panel were Caucasian males.

18. Each Candidate received a "Supervisor Review of Candidate Performance" from their supervisor, Sgt. Snider, which ranked them in four categories on a scale of 1-5, 5 being the highest. Corporal Roach received the highest rating, with a 5 in three categories and a 4 in the remaining category.

19. All the applicants met separately with Sheriff Fuson for an interview. At Corporal

---

[1] Plaintiff has reproduced the chart exactly as MSCO calculated the results, although several errors were made in the calculations. For example, Corporal Lyons took the written test and missed nine questions, giving him a score of 82%. Corporal Lyons' test was re-scored, his incorrect answer to question 39 was marked as correct, and his score was adjusted to an 84%. An 84% on the policy test (the same score that Corporal Roach received) should have given him 25.2 points, rather than 25.89 points. Corporal Welsh received an 82% on the written test, which should have given him a lower score than both Corporal Roach and Corporal Lyons, but instead he was given a 25.2, the same score Corporal Roach received for scoring an 84%.

4

Roach's interview, Sheriff Fuson told her that she scored the highest on the file review, supervisor review, and policy test and told her that her score was the highest of three applicants.

20.     Sheriff Fuson also said that even though her scores were the highest, that "We're going to do something different this time. We're not going to go off the points system."

21.     At her interview with Sheriff Fuson, Corporal Roach told him that she had already been performing the function of sergeant within the Courts division and that in fact, that very month, Sgt. Snider had been out for two weeks and she had filled in his position doing all the duties of a sergeant. Neither other candidate had ever performed the sergeant duties.

22.     During the interview, Corporal Roach also shared letters of recommendation from the courtroom judges in Montgomery County whose courtrooms she had worked in. All of the recommendations praised her job performance.

23.     On August 14, 2018, MCSO promoted Caucasian male Terry Welsh to rank of sergeant.

24.     After Corporal Welsh was promoted to sergeant, Corporal Roach was no longer allowed to do any of the additional tasks she had been doing and was no longer allowed to fill-in as sergeant. She was removed from emails from the Courts Division.

25.     There is a monetary raise in salary from sergeant position to corporal position. Corporal Roach was not promoted to sergeant so she did not receive that raise in pay.

26.     MCSO has never promoted a black female officer to the rank of sergeant in the Courts Division.

27.     Defendant acknowledges Title IX's application to its operations on its website.

28.     Defendant discriminated against Corporal Roach in violation of the THRA and Title VII and Title IX.

**Count I**
**Sex Discrimination - THRA**

29.     Plaintiff restates and incorporates herein the foregoing paragraphs.

30.     Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males were not subjected to.

31.     Under the THRA, employers may not discriminate against employees based on sex.

32.     Plaintiff was the most-qualified applicant for the promotion to sergeant. Defendant Montgomery County failed and refused to promote Plaintiff based on her sex, female.

33.     Defendant took adverse employment actions against Plaintiff in failing and refusing to promote her to sergeant and refusing to allow her to fill-in at the sergeant position. Defendant's actions violated the Tennessee Human Rights Act.

34.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**Count II**
**Sex Discrimination - Title VII**

35.     Plaintiff restates and incorporates herein the foregoing paragraphs.

36.     Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males were not subject to.

37.     Under Title VII employers may not discriminate against employees based on sex.

38.     Plaintiff was the most-qualified applicant for the promotion to sergeant. Defendant Montgomery County failed and refused to promote Plaintiff based on her sex, female.

39.     Defendant took adverse employment actions against Plaintiff in failing and refusing to promote her to sergeant and refusing to allow her to fill-in at the sergeant position. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

6

40.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## Count III
### Race Discrimination - THRA

41.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

42.     Under the THRA, employers may not discriminate against employees based on race.

43.     Plaintiff was the most-qualified applicant for the promotion to sergeant. Defendant Montgomery County failed and refused to promote Plaintiff based on her race, African American.

44.     Defendant took adverse employment actions against Plaintiff in failing and refusing to promote her to sergeant and refusing to allow her to fill-in at the sergeant position. Defendant's actions violated the Tennessee Human Rights Act.

45.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

## Count IV
### Race Discrimination – Title VII

46.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

47.     It is a violation of Title VII for employers to discriminate against employees based on race.

48.     Plaintiff was the most-qualified applicant for the promotion to sergeant. Defendant Montgomery County failed and refused to promote Plaintiff based on her race, African American.

7

49.     Defendant took adverse employment actions against Plaintiff in failing and refusing to promote her to sergeant and refusing to allow her to fill-in at the sergeant position. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

50.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

51.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

## COUNT V
## (TITLE IX, 20 U.S.C. § 1681)

52.     Defendant receives federal funding as defined under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

53.     Section 901(a) of Title IX provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

54.     Defendant receives federal funding for the operation of its services in providing training and education to the employees and citizens of Montgomery County. Further, Defendant had substantial control over the MCSO and its discriminatory hiring practices.

55.     Plaintiff was subjected discrimination based on her sex prohibited by Title IX.

56.     Defendant had actual notice of the MCSO's discriminatory hiring practices and was deliberately indifferent to that behavior.

8

57.     Plaintiff suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, and pain as a direct and proximate result of Defendant's deliberate indifference to her rights under Title IX.

## RELIEF REQUESTED

 Ms. Roach respectfully requests:

1.     A jury trial;

2.     Back pay and damages for lost benefits;

3.     Reinstatement or front pay;

4.     Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5.     Attorneys' fees and expenses;

6.     Prejudgment interest and, if applicable, post-judgment interest; and

7.     Such other and further legal or equitable relief to which he may be entitled under the law.

Respectfully submitted,

*/s Heather Moore Collins*
Collins & Hunter, PLLC
Heather Moore Collins BPR # 026099
Anne Hunter  BPR # 022407
Paige M. Lyle BPR # 032959
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*